UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

ECKARD GLOBAL ENERGY, L.L.C., and
HAMECK OIL COMPANY, LTD.,

        Plaintiffs,

    v.

BAKKEN ASSUMPTIONS I, L.L.C., BAKKEN
ASSUMPTIONS II, L.L.C., ETHAN JACKSON,
WESSLEY JACKSON, FRANK JACKSON,
BLAKE JACKSON, ANDREW S.
GREENWOOD, MARK E. DICE, and JOHN A
CAMPBELL,

        Defendants.

Case No. 4:14-CV-00413 ALM

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' FIRST MOTION TO COMPEL (DKT. 38)

Plaintiffs failed to comply with the meet and confer requirements under Local Rule 7(h). Without having the required personal conference, despite Defendants' offer to assist them in locating specific information, and without any meaningful, good faith attempt to resolve the dispute, Plaintiffs filed their Motion to Compel.

And in their Motion, rather than raise legitimate concerns about information they have not been provided or cannot find, Plaintiffs make technical and unfounded arguments without any relation to specific discovery requests. Defendants responded to Plaintiffs' broad discovery with substantive responses and responsive documents within reasonable limits, even where Defendants had been required to preserve burdensome and overbreadth objections given the apparent limitless nature of the requests. Defendants' responses to the 219 interrogatories and 257 requests for admission alone total over 200 pages. *See* Motion (Dkt. 38) Exs. A, B, C.

Plaintiffs' Motion appears to be designed to bog the parties down in satellite litigation rather than to identify and resolve legitimate disputes so that parties and the Court can prepare for trial.

## PLAINTIFFS FAILED TO MEET THE SUBSTANTIVE MEET AND CONFER REQUIREMENTS OF LOCAL RULE 7(h)

Recognizing that discovery is intended to be largely a self-tending and cooperative endeavor, Local Rule CV-7(h) provides that "[i]n any discovery-related motion, the substantive [meet and confer] component requires, <u>at a minimum, a personal conference, by telephone or in person, between the lead attorney and any local counsel for the movant and the lead attorney and any local counsel for the non-movant.</u>" (Emphasis added); *see also Konami Digital Entm't Co. v. Harmonix Music Sys., Inc.*, No. CIV.A. 6:08CV286, 2009 WL 3448148, at \*2 (E.D. Tex. Oct. 22, 2009) (denying party's motion to compel for failing to comply with Local Rule CV-7(h)). Further, the rule requires a "sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position," and in the particular requires that the parties attempt to resolve the dispute in light of the following criteria:

> In discovery-related matters, the discussion shall consider, among other things: (1) whether and to what extent the requested material would be admissible in a trial or is reasonably calculated to lead to the discovery of admissible evidence; (2) the burden and costs imposed on the responding party; (3) the possibility of cost-shifting or sharing; and (4) the expectations of the court in ensuring that parties fully cooperate in discovery of relevant information.

LR-CV 7(h). Finally, the rule provides that ["f]or opposed motions, correspondence, e-mails, and facsimile transmissions do not constitute compliance with the substantive component and are not evidence of good faith." *Id.* "A party may file an opposed motion without the required conference only when the non-movant has acted in bad faith by failing to meet and confer." *Id.*

Here, Plaintiffs' did not comply with the meet and confer requirements.  Their sole attempt to resolve the claimed dispute was a general letter demanding that Defendants withdraw certain objections and amend their answers to interrogatories.  Nowhere in their letter did Plaintiffs identify specific interrogatories for which they were concerned they had not been provided the responsive information.  In Defendants' letter response (which Plaintiffs did not attach to their motion), Defendants offered to assist Plaintiffs in locating specific information in the produced documents if they were legitimately having difficulties.  Exhibit A-1, attached. However, rather than accepting Defendants offer and rather than having the required personal conference to attempt to resolve the dispute, Plaintiffs simply filed their motion to compel, attaching their letters as evidence of Plaintiffs' "good faith" attempt to resolve the dispute, which by rule is insufficient.  LR-CV 7(h).[1]

Moreover, Plaintiffs' correspondence did not even address any of the criteria listed in the rule.  As in their motion, Plaintiffs argued in generalities against certain types of objections. They did not attempt to specify specific information by interrogatory that they had not been provided or to inquire about or address Defendants' burden objections.  For example, in interrogatories to each Defendant, they asked that the Defendant identify "each oil and gas lease that you have reviewed from 2011 to present."  *See* Campbell Answer to Int. No. 5 (Dkt. 58-3 at 5).  Defendants responded that they did not recall specific leases that they in fact reviewed but would produce copies of all leases in their possession.  *Id.*  Defendants' files, which were comprised mostly of email communications and attachments, were produced in electronic format, in the manner they were kept by custodian, and the documents were produced according

---

[1] Defendants also note that Plaintiffs' letter "meet and confer" was not authored by their lead counsel.  *See Konami Digital*, 2009 WL 3448148 at *2 (denying motion to compel where moving party's lead counsel did not participate in required conference).

to the ESI protocol requested by Plaintiffs (single-page tiff images, load files, metadata, OCR, etc.).  *See* Dkt 12 at 7-8.  As such, the documents are equally searchable by either side. Defendants advised as much in their responsive letter but also offered to assist Plaintiffs in finding specific information if they were having difficulty.  Exhibit A-1 at 5.  However, Plaintiffs never replied, never picked up the phone as required by the rules, and filed their motion to compel as part of their justification to continue the schedule (Dkt. 36).

Moreover, on July 28, only <u>after</u> filing their motion to compel and more than 45 days after Defendants had produced documents, Plaintiffs complained generally in a letter that they could not locate information in the documents that had been produced.  Exhibit A-2 attached. Plaintiffs offered a litany of unsupported general complaints without identifying any specific Bates ranges regarding the alleged problems.  Moreover, although the letter contends that Defendants did not comply with the ESI protocol, Defendants did in fact comply as set forth in Defendants' point-by-point response.  Exhibit A-3, attached.[2]  At a minimum, taken at face value, Plaintiffs July 28 letter demonstrates that they never attempted to locate the information they were seeking in the produced documents prior to filing the motion to compel regarding Defendants interrogatory answers.[3]

---

[2] Indeed, many of the complaints in Plaintiffs' letter, such as that Defendants provided single-page images, are expressly part of the protocol.  *See* ESI Protocol (Dkt. 12 at 7-8) and Exhibit A-3 at 2.  The load files and other specifications allow the information to be loaded into one of the generally used document software programs, which then unitize and make the documents searchable.

[3] On August 7, 2015, Plaintiffs filed a motion to compel related to the document production.  Dkt 47.  Again, Plaintiffs did not comply with the substantive requirements of the meet and confer rule.  Defendants' response to Plaintiffs' belated complaint about Defendants production contained an express offer to have a telephone call among counsel and their technology staff to resolve any technical issues Plaintiffs claimed to be having with the production. Exhibit A-3 at 4-5.  Plaintiffs never replied, but waited a week and then filed their new motion to compel which for the first time included examples of alleged problems.

Local Rule 7(h) requires that the parties work together in good faith to resolve discovery disputes before taking matters to the Court.  Plaintiffs did not meet the substantive requirements of that rule.  They did not hold a personal conference and they did not attempt to frame the issues pursuant to the criteria of Rule 7(h).  Moreover, given that they did not meet the substantive requirements of Rule 7(h), their certification is both inaccurate and ineffective.  Plaintiffs' motion should be denied.

## **BACKGROUND**

1.      On April 29, 2015, Plaintiffs served extensive discovery on all nine remaining defendants including 219 interrogatories, 257 requests for admission, and 52 requests for production, as follows:

> (a)     Bakken Assumptions I, 21 interrogatories, 48 requests for admission
> (b)     Bakken Assumptions II, 21 interrogatories, 7 requests for admission;
> (c)     Ethan Jackson, 25 interrogatories, 37 requests for admission;
> (d)     Frank Jackson, 25 interrogatories, 37 requests for admission;
> (e)     Wessley Jackson, 25 interrogatories, 37 requests for admission;
> (f)     Blake Jackson, 25 interrogatories, 35 requests for admission;
> (g)     John Campbell, 26 interrogatories, 19 requests for admission;
> (h)     Mark Dice, 27 interrogatories, 19 requests for admission;
> (i)     Andrew Greenwood, 24 interrogatories, 18 requests for admission; and
> (j)     All Defendants, 52 requests for production of documents.

As served, Defendants' responses would have been due June 1, 2015.

2.      This discovery served by Plaintiffs was untimely under the prior scheduling order (Dkt. 23) because responses could not be completed prior to the discovery cut-off, May 26.  Nevertheless, Defendants agreed to Plaintiffs' subsequent request to seek an adjustment to the schedule.  Dkt. 34.

3.      On May 20, 2015, Defendants requested from Plaintiffs a single fifteen day extension of time to respond to Plaintiffs' discovery.  Plaintiffs offered ten days with the conditions set forth in Exhibit A-1 to Plaintiffs' motion, including that responsive documents be

produced at the time of the response.  Dkt. 38-4 at 5-14.[4]  Defendants agreed to respond and produce documents by June 10.

4.     As served the discovery was burdensome and violated various rules.  For example, on their face the discovery served on John Campbell and Mark Dice exceeded the number of interrogatories authorized by Fed. R. Civ. P. 33.  *See* Dkt. 38-3 at 2-17 (26 interrogatories) and 28-43.  Moreover, the interrogatories served on each Defendant included numerous subparts related to different subject matters, which created a separation violation of Rule 33's limitation on the number of interrogatories.[5]

5.     Despite the violations, and in the spirit of moving the case forward, Defendants timely responded to the discovery requests, providing substantive responses and producing responsive documents.  Those documents that were maintained in searchable format – the vast majority – were so produced.  Although Defendants raised overbreadth and burden objections to

---

[4] In fact, the offered extension was from June 1 to June 10, which is 9 days.

[5] Interrogatory 10 to John Campbell, for example asked that Mr. Campbell provide the factual basis, identity of witness, and documents for each denial any of the of the 19 requests for admission served on Mr. Campbell.  Dkt. 38-3 at 8.   Interrogatory No. 11 asked for the same information relating to each denial of any allegation in the complaint.  *Id.* at 9.  Interrogatory 12 asked for the same information relating to each affirmative defense.  *Id.* at 9-10.  These types of interrogatories have routinely been held to run afoul of the limitation on number of interrogatories.  See *White v. Cinemark USA, Inc.*, No. 04CV0397 GEB CMK, 2005 WL 3881658, at *3 (E.D. Cal. Mar. 28, 2005) ("[T]he Plaintiff requests that the Defendant set forth each and every fact relating to its 21 affirmative defenses.  Of course, as to each of the 21 affirmative defenses, the Defendant is being asked to respond to 5 subparts.  The court finds that each affirmative defenses should be treated as a separate interrogatory, since each defense may be both factually and logically different."); *Smith v. Cafe Asia*, 256 F.R.D. 247 (D.D.C. 2009) (Plaintiff's interrogatories seeking information regarding a topic and then requesting identification of documents relating to that subject area did not constitute a single inquiry for purposes of the limitation on the number of interrogatories); *Estate of Manship v. U.S.*, 232 F.R.D. 552 (M.D. La. 2005), aff'd, 97 A.F.T.R.2d 2006–1068, 2006 WL 594521 (M.D. La. 2006) (interrogatory making a general request for a description of reasons for qualifying responses to any of the 35 requests for admissions that had been separately propounded could not be regarded as a single interrogatory).

---

certain interrogatories and requests for production to preserve them given the facially limitless nature of the requests, Defendants provided responsive information within reasonable limits.  *See e.g.* Campbell Answers to Int. Nos. 5, 6, 7 (Dkt. 38-3 at 5-7).  Plaintiffs complain that the document production was extensive but ignore that they did not conduct focused discovery, serving 52 separate document requests in addition to 219 interrogatories and 257 requests for admission.

6.      One week later, on June 16, Plaintiffs sent a letter complaining that a small subset of the documents produced were not searchable.  Plaintiffs' Motion Exhibit A-2 (Dkt. 38-4 at 9).  Defendants responded two days later that not all documents were required to be in searchable format unless they were maintained in that format but in the spirit of cooperation agreed to run OCR on the subset of documents at their expense.  Exhibit A-4, attached.  Defendants ran an OCR program over the weekend and re-produced the documents the following week.[6]  Exhibit A.  Notably, in their June 16 letter Plaintiffs did not identify any of the large scale issues with the document production that they claimed on July 28 – a-month-and-a-half later – prevented them from reviewing documents.

7.      Plaintiffs did not send their "deficiency letter regarding Defendant's interrogatory responses until July 9, almost one month after receiving the responses.  That letter complains entirely in generalities about certain types of objections rather than identifying specific information that Plaintiffs believed they were entitled to but had not been provided.

8.      Defendants responded to the deficiency letter on July 15, 2015.  Exhibit A-1.  Defendants expressly offered to work with Plaintiffs to locate information within the production

---

[6] Note that all of the documents had been produced on June 10.  For Plaintiffs' convenience, the supplemental production simply reproduced those same documents with the additional OCR data.

set that Plaintiffs could not locate. *Id.* at 5. (Because the documents were produced in searchable electronic format in the manner kept in the ordinary course of business, the burden on locating such documents is equal on both parties.)

9. Plaintiffs never made any attempt to arrange a telephone call with Defendants' counsel to discuss the alleged discovery deficiencies. Plaintiffs never identified specific information they could not locate or even attempted to address the criteria set forth in the local rules for resolving discovery disputes. Plaintiffs did not attempt to work with Defendants on this issue, but filed their motion to compel on July 22 in concert with their motion for continuance.

10. On July 28, 2015, one week after filing their motion to compel – and more than 45 days after receiving Defendants' production – Plaintiffs sent Defendants a letter raising general complaints about Defendants' production. Exhibit A-2. Plaintiffs broadly complained that Defendants had not complied with the parties' ESI protocol, but did not cite specific parts of the protocol or direct Defendants to specific documents or document ranges to support their claims. (Notably, Plaintiffs June 16 letter had complained only that only a small subset of Defendants' documents did not have associated OCR data.) Defendants responded with a detailed letter explaining, point-by-point that Defendants production had met the specifications Plaintiffs had requested in the protocol. Exhibit A-3.[7] In their letter Defendants expressly offered to participate in a conference call among counsel and their technical support personnel to resolve Plaintiffs' claimed issues. *Id.* at 5. Plaintiffs never replied, never accepted the offer of a call, and now have filed a second motion to compel without following Rule 7(h). Dkt. 47.

11. Plaintiffs finally produced documents related to their initial disclosure obligations on July 23, 2015, only after repeated requests by Defendants and only after Defendants noted the

---

[7] Indeed, Defendants are using the same data and have had none of the difficulties Plaintiffs allege.

deficiency in response to Plaintiffs' motion for continuance.   Dkt. 41 at 3-5.   Plaintiffs' production does not even attempt to comply with the ESI protocol.   Among other things Plaintiffs produced hundreds of pages of emails as single PDF documents and did not supply any OCR or metadata.   Defendants are not requesting that the Court intervene at this point, but supply the information as counterpoint to the positions Plaintiffs are taking here and in their other filings.  They refuse to comply with the rules while arguing that Defendants should be held to standards that are neither in the rules nor that the parties agreed to.

12.     Plaintiffs also responded to Defendants' discovery requests on July 26, 2015. Those discovery responses raise the same overbreadth, burdensome, and relevance objections they complain of in their motion.   Exhibit A-5 and A-6 attached.   But significantly, where Defendants made such objections but provided information and documents, Plaintiffs stand on their naked objections.   *See e.g.* Plaintiffs' Responses to Requests for Production Nos. 11, 14, 28-33 (Exhibit A-5) and Interrogatory Nos. 5, 6, 21-23 (Exhibit A-6).   Again, Defendants are not requesting that the Court intervene – Defendants will proceed as the rules and common sense dictate – but Plaintiffs' current complaints ring hollow given their own use of objections in their discovery responses.

## ARGUMENT

Plaintiffs offer technical and unfounded arguments in support of their motion to compel. Rather than identifying specific interrogatories for which they have not been provided information – in fact, Plaintiffs do not discuss their interrogatories with any specificity at all – they merely argue that certain categories of Defendants' objections are objectionable.

**A.  Defendants use of Rule 33(d) was appropriate given the production of electronic information.**

In particular, Plaintiffs take issue with Defendants' use of Rule 33(d) to direct Plaintiffs to Defendants' electronic document production for the answers to certain interrogatories. Plaintiffs contend that Defendants failed to meet the requirements of Rule 33(d) because Defendants did not identify documents by Bates number.  However, the 2006 comments to Rule 33 make clear that where electronic documents are referenced under Rule 33(d), documents do not have to be referenced by Bates number.  The question is whether it is as easy for the requesting party to locate the information by searching the electronic documents as the responding party:

> Rule 33(d) allows a responding party to substitute access to documents or electronically stored information for an answer only <u>if the burden of deriving the answer will be substantially the same for either party.</u>  <u>Rule 33(d) states that a party electing to respond to an interrogatory by providing electronically stored information must ensure that the interrogating party can locate and identify it "as readily as can the party served," and that the responding party must give the interrogating party a "reasonable opportunity to examine, audit, or inspect" the information . . . .  The key question is whether such support enables the interrogating party to derive or ascertain the answer from the electronically stored information as readily as the responding party.</u> . .

(Emphasis added.)[8]  Here, Defendants produced electronically stored information in searchable format pursuant to the parties' ESI protocol.  Plaintiffs have never requested assistance locating

---

[8] *See also SEC v. Elfindepan,* 206 F.R.D. 574, 576 (M.D.N.C.2002) (the primary purpose of Fed. R. Civ. P 33(d) is to "shift the time and cost burden, of perusing documents in order to supply answers to discovery requests, from the producing party to the party seeking the information"; 7-33 Moore's Federal Practice-Civil ¶ 33.105 (a party claiming that the opposing party inappropriately used Fed.R.Civ.P. 33(d) must make a prima facie showing that the use of this rule is somehow inadequate, either because the information is not fully contained in the documents or because it is too difficult to extract).

information despite Defendants' offers.  In fact, it does not appear that Plaintiffs even tried to locate the information until July 28, which was after they filed their motion to compel.[9]

The particular interrogatories at issue – which again, Plaintiffs do not discuss – make it clear that it is just as easy for Plaintiffs to locate the requested information.  For example, Interrogatory No. 5 to John Campbell (which is identical to an interrogatory asked of each Defendant) stated:  "Identify each oil and gas lease that you have reviewed from 2011 to present."  Dkt. 38-3 at 5.  Mr. Campbell answered that he did "not have contemporaneous recollection of each oil and gas lease that I might have reviewed from 2011 to the present."  *Id.* Nevertheless, he then stated that copies of leases he may have reviewed would be produced, which they were as part of Defendants electronic production.  *Id.*  That production, which consists largely of emails and attachments organized by custodian, is as equally searchable by Plaintiffs as Defendants.  To create a list for Plaintiffs of leases Mr. Campbell may have reviewed, Defendants would have to search his emails and other documents.  Plaintiffs can conduct that search just as readily as Defendants.

Likewise, Interrogatory No. 13 requests that Mr. Campbell "Describe in detail each Communication you have had with each Defendant from 2011 to present regarding Legacy I, BA I and BA II."  Dkt. 38-3 at 13.  Again, Mr. Campbell answered that he had no specific recollection regarding communications but stated that "documents comprising or referencing communications would be produced."  *Id.*  The parties are equally positioned to search the electronic records for these communications.  Moreover, the interrogatory then purports to

---

[9] Again, Plaintiffs complaints in their July 28, 2015 letter are wholly unfounded. Defendants investigated the specific complaints as best they could without Bates label references and found no issues with the production that had been provided to Plaintiff.  Exhibit A-3. Moreover, in their response to Plaintiffs' July 28 letter, Defendants specifically offered technical assistance, suggesting that counsel include their respective technology support personnel on a call.  Exhibit A-3 at 5.  Plaintiffs have never responded.

require that Mr. Campbell "describe in detail" each communication. On its face, that creates an unreasonable burden for the responding party. Once a document has been located, it speaks for itself. Defendants are not required to create documents that do not exist to satisfy Plaintiffs' desire to gain information in a certain format. *See Franklin v. Living Centers-E., Inc.*, No. CIV.A. 98-3630, 1999 WL 615171, at *4 (E.D. La. Aug. 12, 1999).[10]

Contrary to Plaintiffs' characterization, Defendants' interrogatory responses did not rely on the electronic production to be evasive. Defendants relied on Rule 33(d) only when the burden was equal on the parties. For example, Interrogatory No. 7 asked Mr. Campbell to "[i]dentify by name, address, telephone number, and points of contact each Person you engaged, retained or consulted to provide any Defendant with advice regarding prospective oil and gas leases in the Basin." Dkt. 38-3 at 6-7. In that instance, although such information could be found in the records, he was readily able to provide a responsive list of contacts. *See also* Campbell's Answers to Int. Nos. 1, 2, 3, 4, 6, 9, 12, 14, 15, 16,17, 19, 20, 21, 22, 23, 25, 26 (Dkt. 38-3). Mr. Campbell also provided substantive information in addition to any denial of any of the 20 requests for admission served on him, despite the fact that such information was not required because Plaintiffs had exceeded the interrogatory limit under Rule 33. *See* fn. 5, *supra*. The answers from the other Defendants were similarly presented. Defendants' responses to Plaintiffs discovery requests totaled over 200 pages.

---

[10] The other interrogatories identified (but not discussed) by Plaintiffs, purport to require that Defendants create similar lists of information that is located on documents as readily located by Plaintiffs as Defendants. *See e.g.* Campbell Answer to Int. No. 8, requesting that he "each Communication you have had with Plaintiffs from 2011 to present which relates to the allegations set forth in Plaintiff's First Amended Complaint." *Id.* at 7.

### B.   Defendants' Objections Were Not Improper

Again without any discussion of any particular interrogatory and without any showing that they have somehow been prejudiced in discovery, Plaintiffs argue that Defendants' objections that certain interrogatories were overbroad and/or burdensome should be overruled. Plaintiffs' argument fails for at least three reasons.

First, Defendants made such objections, when on their face the interrogatories were overbroad and unduly burdensome.  For example, Interrogatory No. 8 to John Campbell asked Mr. Campbell to "[d]escribe in detail each Communication you have had with Plaintiffs from 2011 to present which relates to the allegations set forth in Plaintiffs' First Amended Complaint."  Dkt. 38-3 at 7.  Plaintiffs Complaint is over 100 paragraphs long.  It is unreasonable and burdensome to require that Defendant marshal all responsive facts.

Second, in almost all instances, Defendants did not stand on their overbreadth and burdensome objections but, in fact, provided responsive information and/or documents.  *See e.g.* Int. to Campbell Nos. 5, 6, 7 (Dkt. 38-3 at 5-7).  In Plaintiffs' motion, nowhere do they attempt to demonstrate prejudice from Defendants' objections.  Rather, Plaintiffs' arguments are entirely technical and have no relationship to the actual discovery or Defendants' responses.  Unlike here, the cases cited by Plaintiffs were real disputes about specific discovery where the requesting party demonstrated that responsive information had not been produced.

Third, and perhaps most tellingly, Defendants just received Plaintiffs' discovery responses to Defendants' focused discovery on August 6, and Plaintiffs make overbreadth and burdensome objections throughout.  *See e.g.* Plaintiffs Responses to Request for Production Nos. 28, 29, 30, 31, 32, and 33 (Exhibit 5).  For example, in Requests No. 31-33, Defendants requested information posted on Plaintiffs' and their affiliates' websites during the relevant

period.  Plaintiffs flatly objected that the requests are "overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." *Id.*  Plaintiffs neither explain why these requests are burdensome or attempt to narrow the request.[11]  They simply stand on the naked objection and <u>have produced no responsive documents</u>.  Defendants are not asking the Court to grant Defendants relief regarding Plaintiffs' discovery deficiencies. Defendants are mindful of and will abide by the meet and confer requirements of Rule 26 and the local rules.  Defendants cite this example as counterpoint to the arguments that Plaintiffs have put forward regarding Defendants' discovery.

### C.   <u>Defendants General Objections Were Not Improper</u>

Plaintiffs engage in a similar theoretical exercise in regard to Defendants' general objections, and again, Plaintiffs fail to identify any prejudice to them.  Plaintiffs have not identified any information that they believe they are entitled to that Defendants withheld on the basis of any of the general objections.

Moreover, the objections are not improper.  For example, Defendants objected that Plaintiffs exceeded the limit for interrogatories.  In their argument that on their face, the interrogatories to Mr. Campbell and Mr. Dice exceeded the 25 interrogatory limit.  Moreover,

---

[11] Plaintiffs' claim is that Defendants misappropriated trade secrets.  The information contained on the websites is relevant because Defendants believe that much, if not all of the claimed trade secret information, was posted on Eckard's websites.

Any further "elaboration" they do provide in response to other discovery requests is essentially meaningless.  For example, in response to document request No. 10, which asks for "all correspondence between any Plaintiff and any person recommending the acquisition of any oil and gas lease or an interest in an oil and gas lease in the basin," Plaintiffs objected that the request is overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because "[T]here are far too many such documents to produce in this case."  Exhibit A-5.  That "elaboration" provides nothing substantive such as number of documents, number of communications, number of leases, etc.  Again, such information is relevant to Plaintiffs trade secret claim because, if Plaintiffs did not keep their alleged "trade secrets" confidential, they are not trade secrets.  *In re Bass*, 113 S.W.3d 735, 739 (Tex. 2003).

each of the Defendants was asked multipart contention interrogatories that exceeded the limit. *See* fn. 5, *supra*.  Defendants restated these objections within the interrogatory responses.  *See e.g.* Campbell Answers to Int. Nos. 10-12 (Dkt. 38-3 at 8-13).  Plaintiffs likewise requested information in the possession of non-parties J Group and HOC Bakken Legacy I, LLC.  *See e.g.* Campbell Answer to Int. No. 19 (Dkt. 38-3 at 15-15).  Defendants restated this objection within the interrogatory responses.  *Id.*  As discussed above, Defendants stated objections to overbroad and burdensome interrogatories and restated those objections as appropriate in the individual interrogatories to preserve them while nevertheless producing responsive information within reasonable limits.

## CONCLUSION

Plaintiffs did not comply with Local Rule 7(h) before filing their discovery motion. Defendants use of Rule 33(d) was in keeping with the rule, and although Defendants raised certain objections to burdensomeness and overbreadth, Defendants (unlike Plaintiffs) produced responsive information within reasonable limits.  Plaintiffs never attempted to identify for the Defendants or the Court specific information that they could not locate.  Plaintiffs' request that this Court issue rulings on the basis of conceptual disagreements is not in keeping with the letter or spirit of the Federal Rules of Civil Procedure or the local rules.  Rather than wasting the Court's and each other's time with such endeavors, the parties should be preparing for trial. Plaintiffs' motion, including its request for fees and costs, should be denied.

Respectfully submitted,

ICE MILLER LLP

*s/ Thomas E. Mixdorf*
G. Daniel Kelley, Jr., Indiana Bar No. 5126-49
Daniel. Kelley@icemiller.com
Thomas E. Mixdorf, Indiana Bar No. 16812-49
Thomas.Mixdorf@icemiller.com

Attorneys for Defendants
Bakken Assumptions I, L.L.C., Bakken
Assumptions II, L.L.C., Ethan Jackson, Wessley
Jackson, Frank Jackson, Blake Jackson, Mark
Jackson, Andrew S. Greenwood, Mark E.
Dice, and John A. Campbell

ICE MILLER, LLP
One American Square
Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2100


JOHN A. SCULLY
Texas Bar No. 17936500
John.Scully@cooperscully.com
COOPER & SCULLY, P.C.
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 10, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's ECF system:

J. Mitchell Little                         John A. Scully
Brandi J. McKay                        Cooper & Scully, P.C.
Scheef & Stone, L.L.P.               900 Jackson Street, Suite 100
2600 Network Blvd., Suite 400     Dallas, TX 75202
Frisco, TX 75034
Charlene Koonce
Scheef & Stone, L.L.P.
500 North Akard Street
Suite 2700
Dallas, TX 75201


                                        s/ Thomas E. Mixdorf
                                        Thomas E. Mixdorf

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46204
(317) 236-2100 – Telephone
(317) 236-2219 – Facsimile